IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT D. KORNAGAY,
    Plaintiff,

vs.                              Case No.: 3:11cv428/LAC/EMT

SERGEANT GIVEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1); he has also filed an amended complaint (doc. 12).  Leave to proceed in forma pauperis has been granted (doc. 4), and the initial partial filing fee and one subsequent payment have been made (docs. 10, 14).  Now before the court is Plaintiff's "Motion for Preliminary Injunction and Brief in Support" (doc. 16).

    In his amended complaint (doc. 12), which on this date by separate order the court has directed Plaintiff to amend, Plaintiff primarily alleges that he was sexually assaulted by another inmate, and that due to Plaintiff's status as a writ writer, corrections officers failed to prevent and protect him from this assault and denied him prompt medical attention after the fact.  In his motion for injunctive relief he seeks a transfer to another institution and a "keep separated order" for him and inmate Pope, his alleged assailant (doc. 16).

    Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the Defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

The attachments to Plaintiff's motion reveal that he filed numerous grievances complaining about Pope's continued sexual harassment of him after the initial assault. Apparently, however, it was not until attorney James Cook wrote a letter on Plaintiff's behalf that inmate Pope was moved to another dormitory (doc. 16, exhs. D, E). While the DOC's initial lack of responsiveness is noteworthy, because Pope has now been moved it does not appear that the entry of an injunction is warranted. Furthermore, even if the relief requested by Plaintiff were supported, it does not appear that any of the named Defendants would be the appropriate individuals from whom to obtain such relief.

Case No.: 3:11cv428/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (doc. 16) be **DENIED**.

At Pensacola, Florida, this 15th day of March 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**