IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT D. KORNAGAY,

    Plaintiff,

vs.                                        Case No.: 3:11cv428/EMT

FLINT GIVEN,
WILLIAM WEEKLY,
ANDREW SLATTERY,
CRAIG SMITH
and WARREN FENNER,

    Defendants.

_____/

# COURT'S INSTRUCTIONS
# TO THE JURY

Members of the Jury:

    It is now my duty to instruct you on the law that you must follow in deciding the case.

When I have finished you will go to the jury room and begin your deliberations.

FILED IN OPEN COURT THIS

8/6/14

CLERK/U.S. DISTRICT
COURT, NORTH DIST. FLA

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it--even if you do not agree with the law–and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of each of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

Because more than one claim is involved, you should consider each claim separately. If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff as to that claim.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Now let me turn to the two claims involved in this case. Plaintiff Kornagay alleges that on July 8, 2010, at Santa Rosa Correctional Institution, he was sexually assaulted by a fellow inmate, Mr. Sterling Pope.

In Claim One, Plaintiff claims that he warned Defendants of the danger to him from Mr. Pope, but that Defendants did not protect him from the danger.

In Claim Two, Plaintiff alleges that Defendant Flint Given knowingly allowed Plaintiff to be sexually assaulted as retaliation for the fact that Plaintiff had filed grievances within the prison grievance system.

Let me now tell you the law regarding each claim. As it concerns Claim One, Plaintiff claims that Defendants, while acting under color of law as employees of Santa Rosa Correctional Institution, violated his rights under the United States Constitution by failing to protect him from being sexually assaulted by another inmate.

The United States Constitution guarantees certain minimum conditions of confinement to incarcerated persons, including protection from sexual assault by other prisoners. A corrections officer violates the constitutional rights of an incarcerated person by acting with deliberate indifference to a known threat of harm to that person posed by another prisoner.

An incarcerated person may sue in this court for an award of money damages against anyone who, under color of law, intentionally violates that person's rights under the United States Constitution.

To establish the claim that Defendants Flint Given, William Weekly, Andrew Slattery, Craig Smith and Warren Fenner unlawfully failed to protect him from sexual assault by another prisoner, Plaintiff Kornagay must prove each of the following facts by a preponderance of the evidence:

First: That there was a substantial risk to Plaintiff that he would be sexually assaulted by Mr. Pope;

Second: That the Defendant actually knew of that risk;

Third: That the Defendant disregarded that risk or failed to take reasonable measures to protect Plaintiff in response to that risk;

Fourth: That Plaintiff was sexually assaulted by Mr. Pope;

Fifth: That the Defendant's conduct caused Plaintiff's injuries; and

Sixth: That the Defendant acted under color of law.

For the second element, it is not necessary that Plaintiff knew precisely who would assault him if Defendants knew there was a substantial risk to Plaintiff's safety. Also, if Plaintiff shows that each Defendant had information he suspected or believed to be true, and if you find that such information indicated a substantial risk of serious harm to Plaintiff, Defendants cannot escape liability for failing to confirm those facts. But it is not enough for Plaintiff to show that his risk of substantial harm was obvious and that Defendants should have known of the risk. Plaintiff must show that each Defendant actually knew of the risk.

For the sixth element, Defendants acknowledge that all actions taken on the date in question were taken under color of state law because they were each working at Santa Rosa Correctional Institution as correctional officers. So you should accept that element as a proven fact.

As it concerns Claim Two, Plaintiff claims that Defendant Flint Given, while acting under color of law, violated Plaintiff's rights under the First Amendment to the United States Constitution. Specifically, Plaintiff claims that Defendant Given violated his constitutional right of access to the courts by refusing to assist Plaintiff from the threat by Mr. Pope because Plaintiff had filed prison grievances.

A prisoner retains the First Amendment right of access to the courts to challenge the lawfulness of his conviction and the constitutionality of his confinement conditions. This includes the right to use the prison grievance system. If Plaintiff had no right to go to court or use the prison grievance system to address these claims, the Constitution's guarantees would have no meaning, because there would be no way to enforce the guarantees.

The Constitutional right of access to the courts means that a prisoner has the right to file claims and other papers with the court or to use the prison grievance system, and the exercise of that right, or plan to exercise that right, cannot be the basis for a penalty or further punishment. This is true because, once again, if Plaintiff could be punished for exercising a constitutional right or for giving a good-faith notice of intent to do so, the right itself would be meaningless.

But to maintain discipline and security, prison authorities do have the right to impose reasonable restrictions on the exercise of constitutional rights.

So to succeed on this claim, Plaintiff Kornagay must prove each of the following facts by a preponderance of the evidence:

First: That Plaintiff attempted to use the prison grievance system or communicated his intent to use the prison grievance system to Defendant Given;

Second: That Plaintiff's attempt to use the prison grievance system was made in good faith as an exercise of his First Amendment rights and was not a bad-faith threat intended as an act of harassment;

Third: That Defendant Given intentionally retaliated against or punished Plaintiff because of his attempt to use the prison grievance system; and

Fourth: That Defendant Given acted under color of law when he retaliated against or punished Plaintiff.

For the third element, Defendant Given "retaliates against" Plaintiff Kornagay if Mr. Given's actions would likely deter a similarly situated reasonable person in Plaintiff's position from exercising First Amendment rights.

For the fourth element, Defendant Given acknowledges that all actions taken on the date in question were under color of law as he was working at Santa Rosa Correctional Institution as a correctional officer. So you should accept that as a proven fact.

Now I am going to discuss the law regarding damages with you.

If you find in Plaintiff's favor with respect to either, or both, of his claims, you must then decide the issue of Plaintiff's compensatory damages. To recover compensatory damages, Plaintiff must prove by a preponderance of the evidence that he would not have been damaged without a particular Defendant's conduct, and the damages were a reasonably foreseeable consequence of that Defendant's conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's damages; no more, no less. You must not impose or increase these compensatory damages to punish or penalize any defendant. And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money; they also cover the physical aspects of the injury. Plaintiff does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiff has proved them by a preponderance of the evidence, and no others:

(a) Plaintiff's physical injuries that are more than minimal, including ill health, physical pain and suffering, disability, disfigurement, discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future. You may not award compensatory damages for minor physical injuries such as cuts, scrapes, and bruises;

(b) Plaintiff's emotional injury if accompanied by more than minimal physical injury;

(c) Wages, salary, profits, and the reasonable value of working time that Plaintiff has lost because of his inability or diminished ability to work, and the present value of such compensation that Plaintiff is reasonably certain to lose in the future because of his inability or diminished ability to work;

If you award Plaintiff compensatory damages for physical injuries, you may also award Plaintiff damages for mental and emotional distress, impairment of reputation, and personal humiliation to the extent that he proves these damages by a preponderance of the evidence.

Nominal Damages: You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Plaintiff has submitted no credible evidence of injury; or (b) Plaintiff's injuries have no monetary value or are not quantifiable with any reasonable certainty.

Punitive Damages. Plaintiff also claims that Defendants' acts were done with malice or reckless indifference to Plaintiff's federally protected rights, which would entitle Plaintiff to an award of punitive damages in addition to compensatory damages. Plaintiff must prove by a preponderance of the evidence that he is entitled to punitive damages.

If you find for Plaintiff and find that a Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, the law allows you, in your discretion, to award Plaintiff punitive damages as a punishment for a Defendant and as a deterrent to others.

A Defendant acts with malice if his conduct is motivated by evil intent or motive. A Defendant acts with reckless indifference to the protected federal rights of Plaintiff when a Defendant engages in conduct with a callous disregard for whether the conduct violates Plaintiff's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding a Defendant's financial resources in fixing the amount of punitive damages to be awarded. You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room choose one of your members to act as your foreperson. The foreperson will direct your deliberations and speak for you here in court.

A form of verdict has been prepared for your convenience.

**[Explain verdict]**

You will take the verdict form to the jury room. When you have all unanimously agreed on the verdict, your foreperson must fill in the verdict form, date and sign it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible, either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.