UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT D. KORNAGAY,

    Plaintiff,

v.                                            Case No.: 3:11-cv-428-EMT

SERGEANT GIVEN, et al.,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants FENNER, GIVEN, SLATTERY, SMITH, and WEEKLY, through undersigned counsel, seek attorneys' fees and sanctions. Defendants state the following:

The undersigned has handled ninety-seven federal civil rights cases and the trial of this case was his seventh federal jury trial. The undersigned can say with confidence that this case was the single most egregious abuse of the judicial system he has ever experienced. From the very beginning, Mr. Kornagay engaged in a legal jihad of lies and deception where truth played no part whatsoever. Mr. Kornagay lied in his complaints to this Court, he lied during discovery, he lied in motion after motion to this Court, and he lied during the trial. And not only did he lie, but he attempted to orchestrate with his fellow inmates a grand deception in an attempt to pull the wool over the eyes of the jurors and line his pockets, and the pockets of his fellow flock of prevaricators, with the little money the defendants have and have honestly worked for their entire lives. This parade of falsity and deception cannot go without serious consequence from this Court.

Historian Marc Bloch once stated, "I hold that any compromise with untruth, no matter what the pretext, is the mark of a human soul's ultimate corruption." Marc Bloch, Strange Defeat 177

(W.W. Norton & Company, 1968)  It is plainly evident that Mr. Kornagay and his inmate witnesses collaborated to bring corruption into this Court. They conspired to do what only can be called pure evil: to claim that a rape occurred, that correctional officers did nothing to stop it, and that correctional officers mocked the inmate being raped. The evidence at trial demonstrated that this rape was an outright lie. The jury agreed by finding that not only did a rape not occur (*i.e.*, that Mr. Kornagay was not in substantial risk of being sexually assaulted on July 8, 2010), but that Mr. Kornagay's grievances were filed in bad faith. Thus, this false lawsuit the five defendant correctional officers had to endure for four years is frivolous. For this reason, Mr. Given, Mr. Weekly, Mr. Fenner, Mr. Smith, and Mr. Slattery seek attorneys' fees and sanctions against Mr. Kornagay, and sanctions against Mr. Brooks, Mr. Jenkins, Mr. Thompson, Mr. Parker, and Mr. Pope.

If this Court does not want inmates to come before it and corrupt its proceedings with untruth, it must make an example of these inmates. Otherwise, the word will quickly spread among inmates (on "inmate.com") that lying is perfectly acceptable in the Pensacola federal courthouse.[1] Due to the outrageous behavior of Mr. Kornagay and his inmate witnesses, Defendants request reasonable attorneys' fees either as a sanction[2] or under 42 U.S.C. § 1988[3] to be paid by Mr. Kornagay; a perjury charge against Mr. Pope be referred to the U.S. Attorney for the Northern

---

[1] The Court heard from Officer Godfrey about the conspiracy to lie to the jury. If the Court would have allowed a post trial motion before adjourning, it could have heard from Officer Parrot about what Mr. Pope said before initially taking the stand and also from Officer Schrock who heard Mr. Pope state upon exiting the court after his second time on the stand, "Does this mean we aren't getting paid."

[2] A court possesses the inherent power to sanction attorneys and parties who litigate in bad faith. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993) ("[D]eeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation.") (internal quotations omitted).

District of Florida; a recommendation to the F.D.O.C. under § 944.279(1), F.S., that Mr. Kornagay, Mr. Brooks, Mr. Jenkins, Mr. Thompson, Mr. Parker, and Mr. Pope each receive a disciplinary report for conspiring to bring a false claim to the Court; and finally, a request to the F.D.O.C. that the order imposing these sanctions be prominently posted in the law library of every correctional institution in the F.D.O.C.

## CONCLUSION

For the preservation of justice and the integrity of the federal judicial system, these sanctions, or similar ones, must be granted.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Robert Deforis Kornagay, DC# J13805, Santa Rosa C.I.-Annex, 5850 East Milton Rd., Milton, FL 32583-7914, on this 8th day of August, 2014.

s/ Lance Eric Neff
LANCE ERIC NEFF

---

[3] Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1188-90 (11th Cir. 1985).